**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| *In re:* | ) | Chapter 7 |
| | ) | |
| R&W Clark Construction, Inc. | ) | Case No.: 23-03279 |
| Debtor. | ) | |
| | ) | Hon. Timothy A. Barnes |

**NOTICE OF MOTION**

TO: See attached list

PLEASE TAKE NOTICE that on October 8, 2025 at 9:00 a.m., the undersigned shall appear before the Honorable Timothy A. Barnes, or any judge sitting in that judge's place, either in courtroom 744 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and will then present the **Trustee's Application To Employ Counsel**, a copy of which is attached hereto and herewith served upon you.

All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government (audio only).

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 329 5276 and the password is 433658. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated:  September 24, 2025

**MICHAEL K. DESMOND, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of R&W CLARK CONSTRUCTION, INC.**

By: /s/ Michael K. Desmond
   One of His Attorneys

Michael K. Desmond (IL #6208809)
Sanjiv Sarma (IL #6236261)
SMITH, GAMBRELL & RUSSELL, LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 264-1007
Facsimile: (312) 264-2627
mdesmond@sgrlaw.com
ssarma@sgrlaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| *In re:* | ) | Chapter 7 |
| | ) | |
| R&W Clark Construction, Inc. | ) | Case No.: 23-03279 |
| Debtor. | ) | |
| | ) | Hon. Timothy A. Barnes |

## CERTIFICATE OF SERVICE

I, Michael K. Desmond, an attorney, hereby certify that on September 24, 2025, I caused a true and correct copy of the attached **Notice of Motion** and **Trustee's Application To Employ Counsel**, to be filed with the Court and served upon the following parties by the manners listed.

/s/ Michael K. Desmond

**Served via CM/ECF**

Joanna Barrera on behalf of Creditor Construction & General Laborers District Council of Chicago & Vicinity  jbarrera@liunachicago.org

Paul M Bauch on behalf of Creditor Bauch & Michaels, LLC
pbauch@bmlawllc.com, smohan@bmlawllc.com;5242@notices.nextchapterbk.com

Kori M Bazanos on behalf of Creditor Luke Hogan
kori@bazanoslaw.com

Patrick Blair on behalf of Creditor Chicago & Vicinity Laborers District Council Pension, Health & Welfare, and Retiree Health & Welfare Funds
blair@ask-attorneys.com

Adam Brief
Ustpregion11.es.ecf@usdoj.gov

Scott R Clar on behalf of Creditor Construction Industry Research and Service Trust Fund
sclar@cranesimon.com, mjoberhausen@cranesimon.com;asimon@cranesimon.com

Michael K Desmond
mkd.trustee@sgrlaw.com, IL23@ecfcbis.com

Andrew Dryjanski on behalf of Creditor Illinois Department of Employment Security
andrew.dryjanski@illinois.gov,
Rae.Piotrowski@Illinois.Gov;Deja.Robinson@Illinois.Gov;Andrew.Dryjanski@ilag.gov;David.Gallagher@Illinois.gov

Jonathan D. Golding on behalf of Creditor Formed Space LLC
Jonathan.Golding@huschblackwell.com, Georgia.Kimbrough@huschblackwell.com

Wesley Kennedy on behalf of Creditor Chicago & Vicinity Laborers District Council Pension, Health & Welfare, and Retiree Health & Welfare Funds
kennedy@ask-attorneys.com

Mary Colleen Kilbride on behalf of Creditor Construction & General Laborers District Council of Chicago & Vicinity
ckilbride@liunachicago.org

Jeffrey A Krol on behalf of Creditor Cement Masons Institute Local 502 Welfare Trust Fund
krol@johnsonkrol.com, docket@johnsonkrol.com;barry@johnsonkrol.com

Elizabeth A LaRose on behalf of Creditor International Union of Operating Engineers, Local 150, AFL-CIO
elarose@local150.org, docketing@local150.org;lkramer@local150.org

Robert Lynch, III on behalf of Creditor Illinois Department of Revenue
robert.lynch2@illinois.gov, robert.lynch@ilag.gov

Monica C O'Brien on behalf of Debtor 1 R&W Clark Construction, Inc.
monica@gregstern.com

Dennis E. Quaid on behalf of Debtor 1 R&W Clark Construction, Inc.
dquaid3@gmail.com

Rachel S Sandler on behalf of Debtor 1 R&W Clark Construction, Inc.
rachel@gregstern.com

Gregg J Simon on behalf of Creditor Mid-America Carpenters Regional Council Pension Fund
gjs@sacounsel.com

Gregory K Stern on behalf of Accountant Ziegler & Associates
greg@gregstern.com, monica@gregstern.com

Richard A. Toth on behalf of Creditor Central Laborers' Pension Fund
rtoth@gs-law.com

Bruce C. Scalambrino
bcs@sacounsel.com

**USPS Mail Service**

Mr. John Conklin
Contributions Department Manager
Mid-America Carpenters Benefits
Northern Illinois Region
12 E. Erie St.
Chicago, IL 60611
JConklin@CarpenterBenefits.org

Debtor
R&W Clark Construction
8158 W Lincoln Hwy
Frankfort, IL 60423

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| *In re:* | ) | Chapter 7 |
| | ) | |
| R&W Clark Construction, Inc. | ) | Case No.: 23-03279 |
| Debtor. | ) | |
| | ) | Hon. Timothy A. Barnes |

## TRUSTEE'S APPLICATION TO EMPLOY COUNSEL

Pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014, Michael K. Desmond, not individually but as chapter 7 trustee of the above-captioned bankruptcy estate (the "*Trustee*"), hereby applies to this Court for authority to employ Michael K. Desmond, and the law firm of Smith, Gambrell & Russell, LLP (collectively, "*SGR*") as counsel in connection with the above-captioned bankruptcy case (the "*Case*") retroactive to February 5, 2025 (the "*Application*"). In support of this Application, the Trustee submits the Declaration of Michael K. Desmond (the "*Desmond Declaration*"), which is attached hereto as **Exhibit A**, and further states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. The statutory predicates for the relief requested in this Motion are Sections 327(a) and 328(a) of Title 11 of the United States Code (the "*Bankruptcy Code*") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

## BACKGROUND

4. The Debtor filed a bankruptcy petition on March 11, 2023 (the "*Petition Date*") under chapter 11 of the Bankruptcy Code, commencing the Case and creating the Debtor's estate (the "*Estate*").

5. The case was converted to one under chapter 7 of the Bankruptcy Code on February 5, 2025.

6. Michael K. Desmond was appointed as the Chapter 7 Trustee.

7. As of the conversion of this case the assets of value included various accounts receivable, equipment and proceeds held in bank accounts (collectively, the "Funds"). Additionally, the Trustee is investigating the Debtor's financial affairs to identify potential preference or avoidance actions.

8. The Trustee now seeks approval to retain the law firm of Smith, Gambrell & Russell, LLC (collectively, "*SGR*") as counsel in connection with the Case pursuant to sections 327 and 330 of the Bankruptcy Code and Bankruptcy Rule 2014.

9. The Trustee seeks to retain SGR to provide the following services to the Estate:

   a) Advising the Trustee with respect to his rights and duties in this Chapter 7 proceeding;
   b) Advising the Trustee on legal issues relating to the administration of the Debtor's assets, including the Funds;
   c) Investigating and evaluating all potential claims against the estate, including locating unknown creditors;
   d) Investigating and evaluating the propriety of objecting to the Debtor's claimed exemptions, if any;
   e) Investigating causes of action such as preference and avoidance actions, and assisting the Trustee in filing and pursuing such actions;
   f) Filing such lawsuits as may be necessary to collect assets of the estate;
   g) Representing the Trustee in litigation matters arising from this chapter 7 proceeding;

h) Evaluating claims filed against the estate, filing objections if necessary and negotiating resolution of disputes with respect to such claims; and

i) Performing such other legal services as may be required from time to time as may be necessary to protect the estate, including routine court appearances.

## RELIEF REQUESTED

10. By this Application, the Trustee has selected SGR to represent him as bankruptcy counsel in this Case, effective as of February 5, 2025, to render the above described services.

11. SGR is well qualified to represent the Trustee. SGR is a national law firm of over 300 attorneys with offices nationwide. Attorneys at SGR, including Mr. Desmond, have extensive experience in bankruptcy cases and related litigation. SGR has represented trustees in a large number of chapter 11 and chapter 7 cases and has substantial expertise in both the procedures of chapter 7 and the types of substantive issues that typically arise in chapter 7 cases. Additionally, Mr. Desmond, a partner at SGR, has numerous years of experience as a chapter 7 panel trustee in this District.

12. Accordingly, the Trustee respectfully requests that the Court enter an order pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), approving this Application to employ and retain SGR as his attorneys to perform the legal services that will be necessary during the Case.

13. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Trustee requests that the Court approve the retention of SGR on the terms and conditions set forth herein and in the Desmond Declaration, including *inter alia*, that SGR will be compensated in accordance with the hourly rates agreed upon between SGR and the Trustee and be reimbursed for expenses in accordance with SGR's normal reimbursement policies.

## BANKRUPTCY RULE 2014

14. To the best of the Trustee's knowledge, and except as disclosed in the Desmond

3

Declaration, SGR does not hold or represent an interest adverse to the creditors of the Estate. SGR may currently represent one or more of the Debtor's creditors or parties-in-interest in connection with matters unrelated to this Case.

15. SGR conducted a computerized "conflicts" database search with respect to the Debtor, her creditors and certain other parties-in-interest.

16. SGR has no connections with the Debtor, its creditors, or any other party in interest herein and neither holds nor represents any adverse interest in connection with the matters upon which it is to be employed.

17. To the best of the Trustee's knowledge, information, and belief, SGR is a "disinterested person" within the scope of Section 101(14) of the Bankruptcy Code and as required pursuant to Section 327(a) of the Bankruptcy Code. The Trustee has based his knowledge, information, and belief on this and other matters set forth in the Desmond Declaration.

**COMPENSATION ARRANGEMENT**

18. The Trustee requests that all legal fees and related costs incurred by the Trustee on account of services rendered by SGR in this Case be paid as administrative expenses of the Estate in accordance with the Bankruptcy Code and applicable orders entered in the Case. Subject to the Court's approval, SGR will charge for its services on an hourly basis, billed in tenth-of-an-hour increments, in accordance with its hourly rates in effect on the date that such services are rendered.

19. For purposes of the engagement, the hourly rates for the attorneys at SGR expected to represent the Trustee range from $605.00 partners and $380.00 for associates. SGR reviews its rates annually.

20. The principal attorneys and paralegal presently designated to represent the Trustee and their current standard hourly rates are:

4

(a) Michael K. Desmond $605

(b) Elizabeth L. Janczak $580

(c) Sanjiv Sarma  $475

(d) Associates $380- $500

(e) Paralegals $175-250

These rates reflect SGR's current rates for this matter. Other attorneys and paralegals may from time to time serve the Trustee in connection with the matters herein described.

21.     These rates are set at a level designed to fairly compensate SGR for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is SGR's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, postage and express mail charges, special or hand delivery charges, document processing, photocopying charges, provided by SGR to outside copying services for use in mass mailings, travel expenses, and expenses for computerized research and transcription costs.

22.     As set forth in the Declaration, SGR understands that any and all compensation for legal services rendered on behalf of the Trustee shall be subject to further Court approval, after notice and hearing on separate applications made therefor and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules (the "*Local Rules*"), any Orders of this Court and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "*Fee Guidelines*"). SGR further understands that the sole source of such compensation shall be the

5

funds of the Estate. No party in interest, including the Trustee, has agreed to compensate SGR for either legal services rendered or expenses incurred by SGR in connection with the Case.

23. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Fee Guidelines and any orders of this Court, the Trustee proposes to pay SGR its proposed hourly rates for services rendered, and to reimburse SGR for certain charges and expenses, at the rates in effect from time to time. The Trustee submits that such rates are reasonable and should be approved by this Court at this time, subject to a determination of the amounts to be paid to SGR upon applications for allowance.

24. As set forth in the Declaration, SGR has not entered into any agreement to share such compensation as it may be awarded herein except as permitted under Section 504(b) of the Bankruptcy Code.

### RETROACTIVE RELIEF

25. The Trustee requests that this Application be approved retroactive to February 5, 2025, the date that the Trustee was appointed in the converted case. In proper circumstances, the equitable aspects of bankruptcy proceedings permit the court to retroactively approve the employment of professionals who rendered services even absent strict compliance with section 327 of the Bankruptcy Code. *See Gowan v. Lefkas Gen. Partners No. 1017 (In re Lefkas Gen. Partners No. 1017)*, 153 B.R. 804, 808 (N.D. Ill. 1993) (internal quotation omitted). The Trustee submits that retroactive approval of SGR's retention is appropriate under the circumstances because of the need for SGR's services immediately upon the conversion of the Case.

### NOTICE

30. Seven days' notice of this Application has been served upon the United States Trustee, counsel for the Debtor and the parties on the attached service list. The Trustee submits

that the notice provided is sufficient and appropriate under the circumstances and that no further notice is required. To the extent that this Court determines otherwise, the Trustee requests that further notice be waived and that notice be limited to that already provided.

## CONCLUSION

31. By virtue of the foregoing, the Trustee submits that the proposed employment of Smith, Gambrell & Russell, LLP to perform the professional services set forth above is in the best interests of the Estate and is both necessary and appropriate under the circumstances.

WHEREFORE, the Trustee requests that this Court enter an order, pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014:

a) Authorizing the Trustee to employ SGR, retroactive as of February 5, 2025, as counsel to the Trustee;

b) Finding that notice of this Application is sufficient and waiving further notice; and

c) Granting such other just and appropriate relief.

Dated:  September 24, 2025                                           Respectfully Submitted,

**MICHAEL K. DESMOND, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of R&W CLARK CONSTRUCTION, INC.**

By: /s/ Michael K. Desmond
     One of His Attorneys

Michael K. Desmond (#6208809)
SMITH, GAMBRELL & RUSSELL, LLP
311 S. Wacker Dr., Suite 3000
Chicago, Illinois 60606
Tel: (312) 264-1007
mdesmond@sgrlaw.com

7

# **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| *In re:* | ) | Chapter 7 |
| | ) | |
| R&W Clark Construction, Inc. | ) | Case No.: 23-03279 |
| Debtor. | ) | |
| | ) | Hon. Timothy A. Barnes |

**VERIFIED DECLARATION OF MICHAEL K. DESMOND
<u>PURSUANT TO BANKRUPTCY RULE 2014(a)</u>**

I, Michael K. Desmond, pursuant to 28 U.S.C. § 1746, hereby state under penalty of perjury as follows:

1.  I am an attorney duly licensed and authorized to practice law in the State of Illinois. I am admitted to practice in the United States District Court for the Northern District of Illinois and the Seventh Circuit Court of Appeals.

2.  I am a partner in the Bankruptcy/Creditors Rights Group of the law firm of Smith, Gambrell & Russell, LLP ("*SGR*"), with offices located at 311S. Wacker Dr., Suite 3000, Chicago, Illinois 60606.  In that capacity, I am authorized to submit this Declaration, pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") in support of the *Trustee's Application To Employ Counsel* (the "*Application*").

3.  I make this Declaration from information derived from the business records of SGR.  I will supplement this Declaration as required by Bankruptcy Rule 2014 if and when additional information becomes available concerning any relationship or connection between the Debtor or her creditors, and SGR based on information that comes to my attention.

**Qualification of Professionals and Services To Be Rendered**

4. SGR understands that the Trustee selected SGR as his counsel because of SGR's expertise and knowledge in the field of debtor's and creditors' rights and proceedings under title 11 of the United States Code (the "*Bankruptcy Code*").

5. SGR has substantial experience in all manners of proceedings under chapter 7 and 11 of the Bankruptcy Code, having represented trustees, debtors, official committees of unsecured creditors, liquidating trustees and major creditors in numerous chapter 7 and 11 cases across the country.

6. The legal services that SGR proposes to render on behalf of the Trustee are set forth in paragraph 13 of the Application.

**SGR Is a "Disinterested Person" Under Section 101(14) of the Bankruptcy Code**

7. To the best of my knowledge, neither I, SGR, nor any partner or associate thereof, insofar as I have been able to ascertain and except as set forth below: (a) hold or represent any interest adverse to the Debtor or her Estate or creditors; or (b) represent any other entity in connection with this Case having an interest adverse to the Debtor. Further, insofar as I have been able to ascertain, other as set forth below, SGR has no connection (connection being defined as a familial or professional relationship) with the Debtor's creditors or any other party-in-interest herein, or their respective attorneys or accountants, or the United States Trustee or any person employed in the Office of the United States Trustee, except that between 1992 and 1998 I served as an attorney with the Office of the United States Trustee for the Northern District of Illinois, and I currently serve as a member of the private panel of Chapter 7 Trustees in this District. Accordingly, I believe SGR is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

2

8. Specifically, in reaching this conclusion, our staff has searched SGR's computerized "conflicts" database for each of the following entities: (a) the Debtor; (b) the Debtor's creditors; and (c) other parties-in-interest. SGR has represented, and may in the future represent, certain of the Debtor's creditors and other parties-in-interest, or interests adverse to such creditors or parties-in-interest, in matters unrelated to this Case.

9. SGR has not entered into any arrangement to share any compensation that may be awarded by the Court, except as permitted under section 504(b) of the Bankruptcy Code. SGR further states, in accordance with Bankruptcy Rule 5002, that no attorney is a relative of the bankruptcy judge assigned to the Debtor's Case.

### Hourly Rates of SGR's Professionals and Anticipated Expenses

10. Subject to the Court's approval, SGR will charge for its legal services in tenth-of-an-hour increments in accordance with its standard billing procedures. SGR's billing rates for attorneys expected to work on this case range from $380 to $605 per hour. Time devoted by paralegal professionals will be billed at $175-250 per hour. The hourly rates for the SGR attorneys presently expected to have primary responsibilities for this case are as follows: (i) Michael K. Desmond (Partner) - $605/hour; (ii) ) Elizabeth L. Janczak (Partner) $580; (iii) Sanjiv Sarma (Associate) - $475/hour. In addition, from time to time, it may be necessary for other SGR professionals to provide services to the Trustee. In all appropriate circumstances, SGR will employ the services of junior professionals in order to minimize administrative expenses to the Estate. SGR's hourly rates are subject to yearly adjustment on January 1st of each year.

11. SGR will maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned legal services. SGR intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, further orders of this Court, and the guidelines established by the Office of the United States Trustee for all services performed and expenses incurred.

12. SGR understands that any and all compensation for legal services rendered and expenses incurred on behalf of the Trustee during the above-captioned Case shall be subject to Court approval, after notice and a hearing. SGR further understands that the sole source of such compensation shall be from the Debtor's bankruptcy Estate.

I state under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Date: September 24, 2025                                Respectfully Submitted,


By:   */s/ Michael K. Desmond*

Michael K. Desmond


Michael K. Desmond (IL #6208809)
SMITH, GAMBRELL & RUSSELL, LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 264-1007
Facsimile: (312) 264-2627
mdesmond@sgrlaw.com

4